UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| KARA W. WELDON-DIECKOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:  4:20-cv-00096 |
| | ) | |
| VANGUARD NATIONAL TRAILER | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Comes now the Plaintiff, Kara W. Weldon-Dieckow ("Plaintiff" or "Dieckow"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Vanguard National Trailer Corporation, ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended and Indiana Law.

## PARTIES

2.      Plaintiff has resided within the Northern District of Indiana at all relevant times.

3.      Defendant is a corporation that operates and conducts business in the Northern District of Indiana.

## JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1367.

5.      Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6.      Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7.      Plaintiff satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

1

Plaintiff received her "Dismissal and Notice of Rights" on her Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8.      Plaintiff's state law claim arises from the same common nucleus of operative facts as her federal law claim and all of her claims thus form a single case and controversy under Article III of the United States Constitution.

9.      All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and all parties are located therein.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10.     Plaintiff, Kara Dieckow-Weldon, is a female, placing her in a protected class under Title VII.

11.     Dieckow was hired by Defendant as an assembler on or about December 5, 2016.

12.     At all relevant times, Dieckow has met or exceeded Defendant's legitimate performance expectations.

13.     On or about October 4, 2019, Dieckow complained to Defendant's Human Resources Manager of sexual harassment by a co-worker.

14.     One of Defendant's supervisors, Jason Garling, sent Dieckow inappropriate videos of women, including women performing sexual acts over the course of about two years. Garling had also sent sexually harassing messages to Dieckow.

15.     In late September, 2019, Garling sent sexually harassing messages to Dieckow, including asking her to send him naked photos of herself and commenting upon her breasts.

16.     On or about October 7, 2019, Dieckow complained to Defendant's Human Resources Manager Melanie Dills of sexual harassment by supervisor Jason Garling.  Dieckow

2

read from Garling's messages to her and offered Dills copies of the messages.  Dills did not accept Dieckow's offer and never requested copies of the messages.

17.     Dieckow also told Dills that she feared retaliation from Garling, as she had seen him retaliate against other employees whom had made complaints of sexual harassment against him.

18.     Garling had sexually harassed other employees of Defendant prior to harassing Dieckow.

19.     On October 8, 2019, Dills reprimanded Dieckow, purportedly for "interfering with an investigation" for responding to a co-worker's question about the harassment she had endured.

20.     On October 10, 2019, Defendant removed Dieckow from a list of employees who worked on Fridays, resulting in a loss of overtime.

21.     The following week, Defendant send Dieckow to work in another area, ostensibly so that she would not have to work with Garling.  Garling nonetheless showed up in the area a few times, yelling at her.  Dieckow reported this to Dills.

22.     In mid-October, Dieckow's supervisor told her that her approved vacation for Thanksgiving week might be revoked, as others had requested vacation that week and that he needed Dieckow working.

23.     On October 17, 2019, Dieckow's supervisor told her that the shirt she was wearing violated the dress code.  Dieckow had been wearing the shirt over the course of a year without comment from her supervisors.

24.     On October 30, 2019, Dieckow's supervisor informed her that she was no longer on the schedule to work inventory.

25.     Dieckow then complained to her coordinator that she was being retaliated against and was leaving early as she was upset that she was losing work and pay as a result of retaliation against her for reporting sexual harassment.

26.     On October 30, 2019, Defendant terminated Dieckow, purportedly for job abandonment.

27.     Dieckow's complaints of harassment and retaliation constitute protected activity.

28.      Defendant's stated reasons for taking work and hours from Plaintiff, disciplining and terminating her are pretexts for retaliation for her complaints of a hostile work environment and/or sexual harassment.  Similarly-situated employees who did not complain have been treated more favorably than Dieckow.

29.     Defendant's actions were intentional, willful, and in reckless disregard of Charging Party's rights as protected by Title VII of the Civil Rights Act of 1964.

30.     Plaintiff has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

**COUNT I**
**TITLE VII – SEX HARASSMENT AND DISCRIMIATION**

31.     Plaintiff hereby incorporates paragraphs 1 – 30 of her Complaint.

32.     Defendant took adverse employment actions against Plaintiff because of her sex.

33.     Similarly-situated individuals who are not female have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

34.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT II
## TITLE VII – RETALIATION

35.     Plaintiff hereby incorporates paragraphs 1 – 34 of her Complaint.

36.     Plaintiff engaged in statutorily-protected activities, including complaining of sexual harassment and retaliation.

37.     Defendant took adverse employment actions against Plaintiff in retaliation for her engaging in these statutorily-protected activities.

38.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by Title VII.

## COUNT III
## NEGLIGENT HIRING AND RETENTION

39.     Dieckow incorporates paragraphs 1 – 38 of her Complaint as if they were set forth at length herein.

40.     Defendant has a duty of care to provide a safe and suitable work environment for its employees. *Brazil Block Coal Co. v. Hoodlet*, 129 Ind. 327 (Ind. 1891); *Columbian Enameling & Stamping Co. v. O'Burke*, 37 Ind. App. 518 (Ind. Ct. App. 1906). Defendant has a duty of care to guard against injury to its employees. *Shirley Hill Coal Co. V. Moore*, 181 Ind. 513 (Ind. 1914).

41.     Defendant breached its duty of care towards Dieckow by employing and continuing to employ individuals it knew or should have known engaged in sexual harassment in the workplace.

42.     Defendant knew, or had reason to know, that Garling had a propensity to harass female employees under his supervision.

43. Defendant was negligent in continuing to employ Lundsford despite its knowledge of his dangerous and/or abusive propensities.

44. Dieckow has suffered harm as a result of Defendant's breach of duty of care.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Kara Weldon-Dieckow, respectfully requests that this Court find for her and order that:

1. Defendant be enjoined from future acts of discrimination, harassment and retaliation;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, Second Floor
Indianapolis, Indiana  46204
Telephone:    (317) 955-9500
Facsimile:    (317) 955-2570
Email:        jhaskin@jhaskinlaw.com
              plogan@jhaskinlaw.com

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Kara Weldon-Dieckow, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, Second Floor
Indianapolis, Indiana  46204
Telephone:     (317) 955-9500
Facsimile:      (317) 955-2570
Email:  plogan@jhaskinlaw.com
           jhaskin@jhaskinlaw.com
Attorneys for Plaintiff